IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS ALAN POWELL,                                CV 04-1757-MA

        Petitioner,                          OPINION AND ORDER

   v.

SHARON BLACKETTER, et al,

        Respondents.


    TONIA L. MORO
    Assistant Federal Public Defender
    15 Newton Street
    Medford, OR  97501

        Attorney for Petitioner

    HARDY MYERS
    Attorney General
    LESTER R. HUNTSINGER
    Senior Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, OR  97301-4096

        Attorneys for Respondent

MARSH, Judge:

Petitioner, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's amended habeas corpus petition (#66) is denied.

### BACKGROUND

In 1986, petitioner was convicted of murder and kidnapping in the second degree in Multnomah County Circuit Court. Resp. Ex. 101. He was sentenced to life imprisonment with a ten-year judicial minimum. Id. The Oregon Board of Parole and Post-Prison Supervision (the Board) set petitioner's initial parole release date for December 2, 1995, at which time petitioner would have served a sentence of 120 months. However, parole was deferred for 24 months. This deferral is not at issue in the instant habeas proceeding.

In May 1997, petitioner was evaluated by psychologist Frank Colistro, Ed. D., who diagnosed him with a "Mixed Personality Disorder with Antisocial and Paranoid Features," and opined that petitioner "continues to suffer from a severe personality disorder which predisposes him to the commission of a crime to a degree rendering him a danger to the health and safety of the community...". Resp. Ex. 114 at 21. On the basis of this evaluation, and other information about petitioner, the Board deferred parole for 24 months (hereinafter referred to as "the

1997 deferral"), setting his revised projected release date for
December 1999, at which point petitioner would have served 168
months.  Petitioner's request for administrative review of the
1997 deferral was denied.  Resp. Exs. 102, 114; see also Oregon
Revised Statute (ORS) 144.125(3) (pre-1993).

Petitioner challenged the 1997 deferral in the Marion County
Circuit Court, raising one federal claim and two state-law
claims.  Resp. Ex. 105.  After the Writ of Habeas Corpus issued,
it was dismissed on the merits, pursuant to the superintendent's
motion.  Resp. Exs. 106, 110, 113, 114, 118.  The Oregon Court of
Appeals then dismissed the petition for review as untimely.
Resp. Ex. 119.

Petitioner filed a motion with the circuit court to vacate
the judgment dismissing his appeal as untimely, and to enter a
new judgment, which he hoped to timely appeal.  Resp. Ex. 115.
The superintendent objected on the basis that the court did not
have authority to set aside one judgment and enter another for
the sole purpose of extending the time to appeal.  Resp. Ex. 116.
The Marion County Circuit Court agreed with the superintendent
and denied petitioner's motion.  Resp. Ex. 117.

Petitioner then appealed the circuit court's order denying
the motion to vacate, urging the Oregon Court of Appeals to
reconsider the merits of petitioner's appeal of the 1997 deferral
on the basis of trial attorney error, and consolidate his

appeals.  Resp. Ex. 122.  The superintendent objected on the
basis that petitioners do not have the right to effective
assistance of counsel on post-conviction, so petitioner was not
entitled to relief on the basis of attorney error.  Resp. Ex.
123.  The Oregon Court of Appeals agreed with the superintendent
and denied the motion to reconsider and consolidate, leaving as
the only remaining issue the challenge to the trial court's
decision denying the motion to vacate its judgment dismissing
petitioner's appeal as untimely.  Resp. Ex. 126.  The Oregon
Supreme Court declined to review this decision.  Resp. Exs. 128-
129.

    Meanwhile, the superintendent moved to dismiss petitioner's
appeal of the trial court's decision denying the motion to vacate
its judgment, on the basis that any challenge to the 1997
deferral was mooted by the Board's subsequent decision, in 1999,
to defer petitioner's early release for an additional 24 months.
Resp. Ex. 132.  The Oregon Court of Appeals agreed, and dismissed
the appeal on the basis that the Board's new order superceded the
order being challenged.  Resp. Ex. 134.  The Oregon Supreme Court
held petitioner's application for review in abeyance pending the
outcome in a case with a similar issue (Resp. Ex. 136), and later
reversed and remanded the Oregon Court of Appeals' decision on
the basis of Hamel v. Johnson, 330 Or. 180, 188 (2000), finding
that a challenge to a parol deferral was not mooted by a

subsequent deferral.  Resp. Ex. 137.

On remand, the Oregon Court of Appeals reaffirmed the circuit court's decision not to vacate the judgment denying petitioner's petition for state habeas corpus relief (Resp. Ex. 148), and the Oregon Supreme Court denied review (Resp. Ex. 150).

On December 1, 2004, petitioner filed for habeas relief in this court (#2), and on April 9, 2007, he filed an amended petition (#66).  In his amended petition he alleges only one ground for relief:

> Ground 1:  Petitioner's rights under the Fourteenth Amendment and the ex post facto clause were violated when his parole release date was postponed pursuant to law amended or enacted after commission of crimes for which he was imprisoned.

> Supporting Facts:  In 1985 when petitioner's crimes were committed, the applicable standard for parole allowed parole to be postponed if a psychiatric diagnosis of a present severe emotional disturbance made prisoner a danger to health or safety of community.  This standard was modified in 1993 to eliminate requirements of a diagnosis and a "present severe" emotional disturbance prior to petitioner's parole hearing.  The parole board's psychological evaluation of petitioner stated that he did not have an emotional disturbance.  Yet, the board denied his parole.  Like the petitioner in Brown v. Palmateer, 79 F.3d 1089 (2005), petitioner's ex post facto rights were violated because the parole board applied the 1993 amended standard to deny a liberty interest in release on parole.

Respondent urges this court to deny the petition, arguing that petitioner's *ex post facto* claim is unexhausted and procedurally defaulted, and neither cause nor prejudice, nor a fundamental miscarriage of justice, excuses the default. Further, respondent maintains that petitioner's claim lacks merit

5- OPINION AND ORDER

because the Board correctly applied the pre-1993 version of ORS
144.125(3) to defer his parole in 1997.

## DISCUSSION

**I.    Procedural Default**

Generally, a state prisoner must exhaust all available state
court remedies either on direct appeal or through collateral
proceedings before a federal court may consider granting habeas
corpus relief.  See 28 U.S.C. § 2254(b)(1).  A petitioner must
seek discretionary review in the state's highest court in order
to fully exhaust his state remedies.  O'Sullivan v. Boerekel, 526
U.S. 838 (1999).

To satisfy the exhaustion requirement, a prisoner must
fairly present his federal claims to the state courts.  Baldwin
v. Reese, 541 U.S. 27, 29 (2004); Casey v. Moore, 386 F.3d 896,
911 (9th Cir. 2004).  A fair presentation requires a prisoner to
state the facts that entitle him to relief, and to reference the
federal source of law on which he relies, or a case analyzing the
federal constitutional guarantee on which he relies, or to simply
label his claim "federal."  Baldwin, 541 U.S. at 32; Gray v.
Netherland, 518 U.S. 152, 162-63 (1996).  It is not enough that
all the facts necessary to support the federal claim were
available to the state courts, or that somewhat similar claims
were made.  Anderson v. Harless, 459 U.S. 4, 6, (1982).

Petitioners must have also presented their federal claims to

the state courts in a procedural context in which the merits of the claim will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989)(claim not fairly presented when raised for the first time on petition for review to state Supreme Court). In Coleman v. Thompson, 501 U.S. 722, 750 (1991), the Supreme Court held that federal courts "will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is independent of the federal question and adequate to support the judgment...". See also Valerio v. Dir. of the Dep't of Prisons, 306 F.3d 742, 773 (9th Cir. 2002)(finding inadequate the state court's denial of a petition based on a procedural rule, because the court failed to specify which claims were barred for which reasons), cert. denied, McDaniel v. Valerio, 538 U.S. 994 (2003).

For the procedural rule to be "adequate," it must be "clear, consistently applied, and well-established at the time of" the default. Wells v. Maass, 28 F.3d 1005, 1010 (9th Cir. 1994). In other words, it must be followed "in the vast majority of cases" by the state courts (Moran v. McDaniel, 80 F.2d 1261, 1270 (9th Cir. 1996)), and applied consistently as of the time the direct appeal was final and when the appeal of the collateral challenge was denied as untimely (Petrocelli v. Angelone, 248 F.3d 877, 885-86 (9th Cir. 2001)). "The rule must also be actually relied on in the particular case in question." Valerio,

306 F.3d 773.

**II.  Analysis**

Though petitioner does not directly concede respondent's position that the instant ground for relief was not presented to the Oregon Supreme Court in a procedural context in which its merits would be considered, petitioner argues that the state procedural rule upon which the state courts dismissed his habeas appeal was a "novel", and therefore inadequate, rule. Accordingly, petitioner contends any procedural default should be excused.

Petitioner argues the procedural rule upon which the state based its decision to bar him from filing an untimely post-conviction appeal was "novel" in that prior case law had not resolved whether a circuit court could vacate and amend a judgment to remedy an untimely appeal by statutorily appointed counsel.

Before deciding in petitioner's case that such a remedy was not available (Powell v. Thompson, 181 Or. App. 445 (2002)), the Oregon Court of Appeals had only once before faced the question whether post-conviction counsel's failure to file a notice of appeal violated a petitioner's state statutory right to "suitable" counsel on post-conviction, and thus, whether a petitioner's untimely filing of a notice of appeal would be allowed if the lateness was due to attorney error.  See Miller v.

Baldwin, 176 Or. App. 500, 32 P.3d 234 (2001); see also ORS 19.255(1)(requiring the notice of appeal to be filed within 30 days of the entry of judgment).

The Miller court held that a post-conviction petitioner was not entitled to late filing of a notice of appeal, even when the untimeliness was due to attorney error, distinguishing its prior holdings in criminal and parental rights cases allowing for late filing on that basis.  The Miller court reasoned that where the state prosecutes crime or seeks to terminate parental rights, it must safeguard the defendant's due process rights, whereas in a post-conviction proceeding, the petitioner initiates the matter after he has already been deprived of his liberty interest, so neither due process, nor the constitutional right to effective assistance of counsel mandate additional procedural safeguards. Id. at 508-09.

While Miller clarified the court's reasons for not permitting untimely appeals from post-conviction judgments, it did not announce a new rule, as petitioner contends.  However, petitioner is correct that three years before Miller, the Oregon Court of Appeals in Felkel v. Thompson, 157 Or. App. 218 (1998), did change it's policy on untimely appeals from post-conviction judgments.

In Felkel, the court repudiated the practice of issuing show cause orders under ORS 138.071(4) when an untimely appeal was

filed from a post-conviction judgment.  See Felkel v. Thompson, 157 Or. App. 218 (1998).  The Felkel court reasoned that ORS 138.071 (dealing with time in which appeal must be taken in criminal matters) should never have been applied to appeals from post-conviction judgments, which are civil in nature.  Id. at 223.

Accordingly, the issue I must resolve is whether the state procedural rule that no untimely appeals will be permitted in habeas corpus matters was "novel" when it was applied to petitioner's case in 2002.

Respondent contends that notwithstanding Felkel, the state courts never allowed a delayed appeal in a habeas corpus case, even if they did in post-conviction matters where petitioners challenged the lawfulness of their convictions or sentences. Respondent correctly points out that petitioner has not directed this court to any Oregon case that allowed a delayed appeal of a habeas corpus judgment.  Nor has this court located such a case. Respondent concedes that if such a case existed, it would, indeed, present a question whether a new or novel application of a procedural rule excuses petitioner's default.  However, respondent stresses that the burden is on petitioner to demonstrate that the procedure was applied inconsistently to habeas corpus appeals.  See Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003)(petitioner's burden satisfied by "asserting

specific factual allegations that demonstrate the inadequacy of
the state procedure, including citation to authority
demonstrating inconsistent application of the rule.").

I concur with respondent, and find that the state procedural
rule that no untimely appeals will be permitted in habeas corpus
matters was consistently applied as of the time petitioner's
habeas corpus appeal was denied as untimely.  Petitioner has
neither pled nor alleged facts to support a showing of cause and
prejudice, or a fundamental miscarriage of justice, which would
excuse his default.  Further, I do not find any merit to
petitioner's contention that his procedural default should be
excused under 28 U.S.C. § 2254(b), on the rationale that there
was a breakdown in Oregon's system for correcting constitutional
errors.  Accordingly, I decline to reach the merits of
petitioner's federal habeas corpus petition.

<u>CONCLUSION</u>

Based on the foregoing, petitioner's amended habeas corpus
petition (#66) is denied.

IT IS SO ORDERED.

DATED this 31_ day of May, 2007.

           /s/  Malcolm F. Marsh
          Malcolm F. Marsh
          United States District Judge

11- OPINION AND ORDER